IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BOAT PEOPLE S.O.S., INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 1:16-cv-00455-GBL-JFA |
| | : | |
| PUBLIC HEALTH MANAGEMENT CORPORATION, et al. | : : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| _____ / | | |

### MEMORANDUM IN SUPPORT OF DEFENDANT PUBLIC HEALTH MANAGEMENT CORPORATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1), LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2), AND FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

The Court lacks both subject matter and personal jurisdiction over Defendant Public Health Management Corporation ("PHMC"), and the Complaint fails to state a plausible claim for which relief can be granted against PHMC. There is no subject matter jurisdiction over the claims because the amount in controversy requirement has not been met. The alleged wrongdoing by PHMC involves an alleged $63,450.00 contract, which is less than the required $75,000.00 for diversity jurisdiction. There is no personal jurisdiction because the alleged conduct did not occur in Virginia, and because PHMC has no contacts at all with Virginia. PHMC is an innocent third party caught in the crossfire between two sides of a dispute over the internal operations of a nonprofit organization. The real dispute is between Plaintiff Boat People S.O.S., Inc. ("BPSOS") and a group of individuals ("The Group" as referred to throughout the Complaint) who allegedly created an unauthorized spinoff organization, VietLEAD, and illegally diverted outside funding away from BPSOS and to VietLEAD. Defendant PHMC is not

affiliated with BPSOS, VietLEAD, or "The Group." Indeed, the Complaint never alleges that PHMC is a member of "The Group." Its <u>only</u> relationship to the dispute is that it has provided funding for an after school program that is administered in Philadelphia, and BPSOS and VietLEAD have a dispute over who is entitled to that funding. The Complaint alleges no cause of action against PHMC for which relief can be granted.

I. THE ALLEGATIONS

    A.    <u>At the Heart of This Lawsuit is a Dispute Between BPSOS and VietLead – a Dispute in Which Defendant PHMC is Not Involved.</u>

BPSOS is a nonprofit organization that seeks to "empower, organize and equip Vietnamese individuals and communities in their pursuit of liberty and dignity." (Compl. ¶ 14.) In April 2015, several individuals, referred to collectively throughout the Complaint as "The Group," allegedly began exploring the possibility of creating a new organization that would essentially replace BPSOS's "Delaware Valley" operations (consisting of BPSOS's branch offices in Pennsauken, New Jersey and Philadelphia, Pennsylvania). (See Compl. ¶¶ 15, 19, 20-23.) There is no allegation that PHMC is a member of "The Group," and no allegation of any involvement by PHMC in the negotiations between BPSOS and "The Group" or in the creation of the new organization.

BPSOS alleges that without its knowledge or approval, "The Group" negotiated a contract with Defendant Urban Affairs Coalition ("UAC") to be the fiscal sponsor for the Delaware Valley offices. (Compl. ¶ 25.) In August 2015, UAC allegedly entered into an agreement with VietLEAD, the name "The Group" ultimately chose for its new organization. (Compl. ¶ 31.) UAC and VietLEAD then moved forward with plans to transfer BPSOS grants to UAC, and did so without BPSOS's knowledge or approval. (Compl. ¶¶ 33-42.) There is no

allegation that Defendant PHMC was a member of UAC or VietLEAD, or that it was otherwise involved in the actions taken by UAC and VietLEAD.

The Complaint alleges further that from October 2015 to April 2016, certain members of "The Group" and/or VietLead made "false representations" and "false claims" to various third-party donors, including to Defendant PHMC, resulting in grants and funding that allegedly should have gone to BPSOS being either delayed or altogether transferred to UAC and VietLEAD. (See generally, Compl. ¶¶ 43-83.) The Complaint also alleges that certain Defendants converted funds, stole client data, and committed computer trespass. There are no allegations implicating Defendant PHMC with regard to any of these activities.

> B. The Allegations Concerning PHMC Are That Other Defendants Made False Representations and Claims to PHMC, Not That PHMC Itself Engaged in Wrongdoing.

The only allegations implicating Defendant PHMC appear in Paragraphs 53-61. BPSOS alleges that "[i]n September of 2015, [PHMC] awarded BPSOS [$63,450.00] in funding for Out of School Time (OST) programming for fiscal year 2016." (Compl. ¶ 53.) Later at a meeting between UAC and PHMC, Nancy Nguyen of UAC "<u>falsely represented</u> [to PHMC] that 'BPSOS is now under UAC' in order to interfere with the BPSOS contract with PHMC and to take those funds.'" (Compl. ¶ 54) (emphasis added). Then in December of 2015, "Nancy Nguyn requested a new contract between PHMC and VietLEAD and also requested, <u>falsely claiming to act on behalf of BPSOS</u>, a copy of PHMC's termination letter of the contract with BPSOS." (Compl. ¶ 57) (emphasis added). Thus, any allegation of wrongdoing implicates Defendant Nguyen and/or "The Group" and/or UAC, <u>not PHMC</u>, for making false representations and claims to PHMC.

There are no allegations in the Complaint supporting the exercise of either subject matter or personal jurisdiction over PHMC. There is no subject matter jurisdiction because the alleged

wrongdoing by PHMC involves a contract BPSOS explicitly alleges is worth $63,450.00, which is less than the $75,000 amount-in-controversy requirement for diversity jurisdiction. (See Compl. ¶¶ 53, 238.) There are also no allegations that any of the conduct involving PHMC occurred in Virginia, or that PHMC has any contact whatsoever with Virginia. Indeed, the Complaint fails to even allege personal jurisdiction over.

Even if the Court determines there is subject matter and personal jurisdiction, the Complaint fails to state a cause of action against PHMC. There are eight counts, four of which are made against Defendant PHMC: Count I (Civil Conspiracy under Va. Code §§ 18.2-499-500); Count III (Tortious Interference With a Contract); Count IV (Tortious Interference with a Business Relationship); and Count VIII (Breach of Contract). Counts II, V, VI, and VII explicitly do not apply to Defendant PHMC and thus need not be addressed. Count I must be dismissed because there are no factual allegations supporting a claim that Defendant PHMC was part of a conspiracy against BPSOS. Count III must be dismissed because a defendant cannot interfere with a contract to which he is a party, and there is no allegation that PHMC interfered with any contract other than its own contract. Count IV must be dismissed because there are no factual allegations supporting a claim that Defendant PHMC engaged in interference with any business relationship. Count VIII should be dismissed because the Complaint fails to allege a contract, and fails to allege any facts that would plausibly give rise to any breach of a contract.

II. **THE COURT HAS NO SUBJECT MATTER JURISDICTION OVER THE CLAIMS AGAINST PHMC BECAUSE THE ALLEGED AMOUNT IN CONTROVERSY BETWEEN BPSOS AND DEFENDANT PHMC IS LESS THAN $75,000.00.**

BPSOS alleges diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 12.) 28 U.S.C. § 1332 provides that in an action based upon diversity of citizenship jurisdiction, the amount in controversy between the plaintiff and the defendant must exceed $75,000.00, exclusive of

interest and costs. "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Bennett v. 3M Co.*, 2014 U.S. Dist. LEXIS 52274, at 4 (E.D. Va. Apr. 15, 2014) (quoting *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981)). A case should be dismissed for lack of jurisdiction "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount[.]" *Id.* When there are claims against multiple defendants, "the plaintiff may not aggregate the various claims unless the defendants' liability is common, undivided or joint." *Liberty Mut. Fire Ins. Co. v. Hayes*, 1997 U.S. App. LEXIS 24207, at *6 (4th Cir. Sept 15, 1997) (emphasis added). "Aggregation is keyed to the type of recovery, not the factual relatedness of the claims." *Id.* at *10.

Here, the Complaint explicitly alleges that the contract PHMC allegedly breached is worth $63,450.00 (Compl. ¶¶ 53, 238.), and there are no other allegations of financial loss to BPSOS that relate in any way to PHMC. The Complaint demands in the ad damnum "compensatory damages for financial losses in at least the amount of $3,350,000.00," but this is a demand against all Defendants. (Compl. p. 37.) There is no allegation, let alone supporting factual allegations, that PHMC's liability is "common, undivided or joint" with the other defendants, and therefore BPSOS cannot add its damages against the other Defendants to its $63,450.000 breach of contract claim against PHMC in order to satisfy the amount in controversy requirement. *See Hayes*, 1997 U.S. App. LEXIS 24207, at *6.

While PHMC is included in Count I (Civil Conspiracy under Va. Code §§ 18.2-499-500), Count III (Tortious Interference With a Contract), Count IV (Tortious Interference with a Business Relationship), these counts should be dismissed for failure to state a claim as set forth in further detail below. This defendant is not alleged to have done anything in those counts.

PHMC is not even a named member of "The Group." PHMC's <u>only</u> involvement concerns the alleged $63,450.00 contract allegedly between BPSOS and PHMC. Based upon the pleadings alone, the Court should conclude with legal certainty that the plaintiff cannot recover the jurisdictional amount of $75,000.00 and dismiss the claims against PHMC for lack of subject matter jurisdiction.

### III. THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANT PHMC BECAUSE THE EVENTS IN THE COMPLAINT DID NOT OCCUR IN VIRGINIA AND BECAUSE PHMC HAS NO CONTACTS WITH VIRGINIA.

Defendant PHMC, a Pennsylvania Corporation with its principal place of business in Pennsylvania, should be dismissed as it is not subject to personal jurisdiction in the Commonwealth of Virginia. A district court may exercise personal jurisdiction over an out-of-state defendant to the extent allowed under the law of the forum state. In Virginia, state law provides for jurisdiction to the fullest extent allowed under the Constitution of the United States. *See*, *e.g.*, *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990); *AESP, Inc. v. Signamax, LLC*, 2014 U.S. Dist Lexis 92663 (E.D. Va. July 8, 2014). The Due Process Clause of the Fourteenth Amendment requires that the defendant have sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Jurisdiction may be general or specific. Specific jurisdiction exists when the claim arises from or relates to conduct purposefully directed at the forum state. *See Helicopteros*, 466 U.S. at 414-15 & n.8. General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. *See id*. at 414-15 & n.8.

Once a defendant raises lack of personal jurisdiction as a defense, the burden of

establishing the requisite jurisdictional facts rests on the plaintiff as the party alleging their existence. *Mylan Labs, Inc. v. Akzo, N.V.,* 62 F.3d 56, 59-60 (4th Cir. 1993); *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). Plaintiff may not rest on the allegations of the complaint; rather, it must sustain its burden with facts establishing jurisdiction. *Colt Def., L.L.C. v. Heckler & Koch Def., Inc.,* No. 2:04-cv-258, 2004 U.S. Dist. LEXIS 28690, at *29-30 (E.D.Va. Oct. 22, 2004). Here, the Complaint <u>fails to even allege</u> that the Court has personal jurisdiction over PHMC (or any of the Defendants for that matter), and fails to provide facts that could support personal jurisdiction over PHMC, a Pennsylvania corporation with its principal place of business in Philadelphia and no contacts whatsoever with Virginia.

    A.  <u>There Is No Specific Jurisdiction</u>

There is no allegation that PHMC's alleged wrongful conduct was purposefully directed at Virginia. *See Helicopteros*, 466 U.S. at 414-15 & n.8. The matters in dispute in this case concern the operations of and contracts related to BPSOS's "Delaware Valley offices (or branches)" which are located in Philadelphia, Pennsylvania and Pennsauken, New Jersey. (Compl. ¶ 15-16.) PHMC's specific involvement in the lawsuit concerns funding that it provides for an after school program <u>in Philadelphia, Pennsylvania</u>. There was no contract entered into between PHMC and BPSOS in Virginia (or elsewhere), and no other conduct related to claims against PHMC that occurred in or were directed at Virginia.

The only relevant alleged fact related to Virginia is that BPSOS is incorporated in Virginia and has its principle place of business in Virginia. However, the U.S. Supreme Court has held that a "contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985); *see also Initiatives, Inc. v. Korea Trading Corp.*, 991 F. Supp. 476,

7

480 (E.D. Va. 1997) (holding that under *Burger King Corp.*, Virginia choice-of-law provisions in a contract are insufficient to establish jurisdiction). Indeed, personal jurisdiction does not turn on "mechanical tests," and factors regarding "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" that must be evaluated in determining whether PHMC purposefully established minimum contacts within Virginia. *See Burger King Corp.*, 471 U.S. at 478-79. Here, the dispute concerns the operations of BPSOS's "Delaware Valley" offices located in Pennsylvania and New Jersey, and in particular with regard to PHMC's funding for a program in Pennsylvania. A series of emails between PHMC and BPSOS (from the Delaware Valley offices) regarding funding for a program conducted in Philadelphia surely does not amount to conduct purposefully directed at Virginia. None of the activity or conduct implicating PHMC has any relationship to Virginia.

    B.  <u>There is No General Jurisdiction</u>

The Complaint also fails to allege that PHMC has maintained systematic and continuous contacts with Virginia that would amount to general jurisdiction. *See Helicopteros*, 466 U.S. at 414-15 & n.8. PHMC is incorporated in Pennsylvania, and its principal place of business is in Pennsylvania. PHMC has never been registered to do business in Virginia and has never applied to any government authority in Virginia for any license, permit, registration or other authorization. PHMC has never had a registered agent for the service of process in Virginia, and has never owned or leased any real or personal property in Virginia. It does not maintain bank or other financial accounts in Virginia. As stated above, merely having a contract with a resident in Virginia, even if the contract has a Virginia choice of law provision, is not sufficient to establish jurisdiction. *Burger King Corp.*, 471 U.S. at 478; *Initiatives, Inc.*, 991 F. Supp. at 480. These facts are more than sufficient to establish that PHMC has no "systematic and continuous"

contacts with Virginia as required by Supreme Court precedent for the exercise of general jurisdiction. The Court has no specific or general personal jurisdiction over PHMC, and therefore the case should be dismissed with prejudice.

**IV.    THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR WHICH RELIEF CAN BE GRANTED AGAINST DEFENDANT PHMC**

   A.    <u>Standard on Rule 12(b)(6) Motion to Dismiss</u>

Federal Rule of Civil Procedure 8(a)(2) requires the Complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (hereafter, "*Iqbal*"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007) (hereafter, "*Twombly*"). The U.S. Supreme Court held that although "Rule 8 does not require 'detailed factual allegations,'...it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949, (citing *Twombly*, 550 U.S. at 555). In clarifying the pleading standard applicable in federal proceedings, the Court continued, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.*

In evaluating a motion to dismiss, this court should consider whether the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

The Supreme Court articulated two key principals applicable to the evaluation of a complaint on a motion to dismiss. First, the district court need not accept as true allegations that

are legal conclusions. *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id* (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Twombly*, 550 U.S. at 556). The second step requires the court "to draw on its judicial experience and common sense" and determine whether the facts allow it to "infer more than the mere possibility of misconduct." *Id.* Justice Kennedy succinctly summarized these principles as follows:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* In reviewing a threshold motion to dismiss, a district court should only consider the factual allegations made in the complaint; the court is not required to accept as true legal conclusions set forth in the complaint. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Walker v. Prince George's County, Md.*, 575 F.3d 426, 431 (4th Cir. 2009).

    B.    <u>Choice of Law</u>

Since this is a diversity case, the forum state's choice of law rules apply. *Erie R.R. v. Thompkins*, 304 U.S. 64 (1938). Virginia is a traditional *lex loci* choice of law state, and therefore the substantive law of the place where the wrong occurred governs tort actions. *See, e.g.*, *Webber v. Speed Channel, Inc.*, 472 F. Supp. 2d 752, 756 (E.D. Va. 2007). The alleged conspiracy and related tort claims occurred in Pennsylvania, and therefore Pennsylvania law applies to such claims. Regarding the breach of contract claim, "[q]uestions concerning the validity, effect, and interpretation of a contract are resolved according to the law of the state

where the contract was made" and "a contract is made when the last act to complete it is performed[.]" *Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 419 (4th Cir. 2004). The alleged contract relates to a program in Pennsylvania, and all relevant activity related to the alleged formation of the contract occurred in Pennsylvania. For the reasons stated below, PHMC asserts that Plaintiff has failed to allege an existing contract. If there is an existing contract, Pennsylvania law applies.

  C. <u>Count I (Civil Conspiracy) Fails to State a Claim Against PHMC Because PHMC is Not a Member of "The Group" Or Otherwise Alleged To Have Participated in the Conspiracy</u>

Count I alleges that "[o]n or about July 7, 2015, Mai Huynh, Nancy Nguyen, Catherin Nguyen, Khai Tran, Fred Melroy, David Forde, Jr., Duong Ly and Lan Dinh ("The Group") formulated a plot to take control of the BPSOS Delaware Valley offices and all assets, revenue, business relationships, goodwill, client data, existing grants and contracts and future grants and contracts away from BPSOS." (Compl. ¶ 90.) The remaining paragraphs in Count I list conduct of "The Group" related to the alleged conspiracy.

Defendant PHMC is not named as a member of "The Group," and PHMC is not mentioned a single time in Count I. There are no alleged facts in Count I implicating PHMC in any way. Merely stating in the heading of Count I that the count is "against all defendants" is not sufficient to survive a Rule 12(b)(6) motion to dismiss. There must be more than a "the-defendant-unlawfully-harmed-me accusation" and "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). There is no plausible claim of civil conspiracy against PHMC, and this Count should be dismissed with prejudice.

### D. Count III (Tortious Interference with a Contract) Fails to State a Claim Because There is No Allegation of a Contract Between BPSOS and a Third Party With Which PHMC Interfered.

Count III alleges that all defendants tortiously interfered with a contract between BPSOS and PHMC for $63,450.00 in funding for fiscal year 2016 under the City of Philadelphia's Out of School Time (OST) program. (Compl. ¶¶ 125-133.) The Complaint acknowledges that no contract was ever signed between BPSOS and PHMC, and that PHMC's award of the grant was "contingent upon . . . execution of the required contract documents." (Compl. ¶ 126.) Those documents were never executed, and therefore there was no existing contract. Nevertheless, Count III alleges that Defendant Nancy Nguyn "in furtherance of her conspiracy with "The Group," induced PHMC to change the contract to award the $63,450.00 grant to VietLEAD instead of BPSOS…." (Compl. ¶ 129.) There is no allegation that PHMC knew Nancy Nguy's statements were false or was otherwise acting in concert with "The Group." The only alleged wrongdoing by PHMC is that it awarded the grant to VietLEAD "without consulting BPSOS or notifying BPSOS that it switched the contract's grantee to VietLEAD." (Compl. ¶ 130.) These facts utterly fail to state a plausible cause of action for tortious interference with a contract against PHMC.

Pennsylvania has adopted section 766 of the Restatement (Second) of Torts, which governs the tort of intentional interference with an existing contractual relationship. "The necessary elements of a cause of action for interference with existing contractual relations are as follows: (1) the existence of a contractual relationship between the complainant <u>and a third party</u>; (2) an intent on the part of the defendant to harm the plaintiff by interfering <u>with that contractual relationship</u>; (3) the absence of privilege or justification on the part of the defendant; and (4) the

occasioning of actual damage as a result of defendant's conduct." *Phillips v. Selig*, 959 A.2d 420, 429 (Pa. Super. 2008) (emphasis added).

Here, Count III fails to state a claim as to Defendant PHMC. There is no allegation of a contract between "the complainant" (BPSOS) <u>and a third party</u> and no allegation that PHMC interfered with <u>that contractual relationship</u>. The alleged contract (which the Complaint all but acknowledges did not actually exist because the documents were never executed) is <u>with PHMC itself</u>. While Plaintiff may allege, as it has done in Count VIII, that PHMC breached the contract, it cannot allege a separate cause of action under Pennsylvania's tort of intentional interference with a contract under a theory that PHMC interfered with its own contract. There must be an existing contract with a third party with which PHMC interfered. There is not one, and therefore the claim should be dismissed as to PHMC. Moreover, the Complaint does not allege that PHMC had an intent to harm BPSOS, let alone facts to support such an allegation. That PHMC did not contact BPSOS after PHMC was the recipient of false claims and was "induced" by other defendants to change the grantee does not rise to the level of intentional interference with a contract. Such an allegation would be inconsistent with the claims being made against the co-defendants. There is no plausible cause of action against PHMC for tortious interference with a contract, and Count III should be dismissed.[1]

---

[1] Even if Virginia law applies, the Complaint fails to state a claim for many of the same reasons stated above under Pennsylvania law. Under Virginia law, a plaintiff claiming tortious interference with contractual relations must plead "1) the existence of a valid contractual relationship or business expectancy; 2) knowledge of the relationship or expectancy; 3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and 4) resultant damage to the party whose relationship or expectancy has been disrupted." *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F. Supp. 2d 610, 616-17 (E.D. Va. 2009) (quoting *Duggin v. Adams*, 234 Va. 221, 360 S.E.2d 832, 835 (1987) and *Chaves v. Johnson*, 230 Va. 112, 335 S.E.2d 97, 102 (1985)). According to BPSOS's own allegations, false statements were made to PHMC and PHMC was "induced" into changing the grantee. Therefore, there is no allegation that PHMC "intentionally interfered" with the contract as required under Virginia law.

### E. Count IV (Tortious Interference with a Business Relationship) Fails to State a Claim Against PHMC Because PHMC is Not a Member of "The Group" or Otherwise Alleged To Have Participated in the Tortious Interference

Count IV suffers from the same deficiencies as Count I in that Defendant PHMC has no relation to the allegations aside from the fact that the heading of the count states that the count is "against all defendants." Count IV alleges that Defendants interfered with numerous business relationships BPSOS had with outside funders, including Susan G. Komen South and Central Jersey (SGK), Philadelphia Youth Network, Inc. (PYN), United Way of Greater Philadelphia and Southern New Jersey (UW), NEO Philanthropy, Community Planning & Action Council (CPAC), Camden County Government (CDBG), Service Center Revenue, and "other donor and funder relationships." (Compl. ¶¶ 134-193.) PHMC is not mentioned either as one of the relationships or as one of the Defendants engaging in the interfering.

For each relationship, the allegations state specifically that either Defendant Nancy Nguyen and/or "The Group" engaged in the alleged interfering. "The Group" is defined in Paragraph 90 of the Complaint, and does not include Defendant PHMC as a member. The final paragraph under Count IV, Paragraph 193, states that "all of the foregoing damage to BPSOS's funding, contractual relationships and operations resulted from the actions of "The Group." PHMC's actions are never implicated under Count IV, and PHMC is not even mentioned a single time in Count IV. Merely stating in the heading of Count I that the count is being alleged "against all defendants" is not sufficient to survive a Rule 12(b)(6) motion to dismiss. There must be more than a "the-defendant-unlawfully-harmed-me accusation" and "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). There is no plausible claim of tortious interference with a business relationship against PHMC, and this Count should be dismissed with prejudice.

F.  Count VIII (Breach of Contract) Fails to State a Claim Because It Fails to Allege a Valid Contract and Fails to Allege Any Facts to Support the Allegation that a Contract Was Breached.

Under Pennsylvania law, a breach of contract claim must allege the following elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Silvis v. Ambit Energy, L.P.*, 2016 U.S. Dist. LEXIS 35824, at *11 (E.D. Pa. Mar. 18, 2016) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)). Here, BPSOS fails to allege the existence of a contract, including its essential terms, and fails to allege a breach of a duty imposed by the contract.

Count VIII alleges that "PHMC invited BPSOS to apply for the continuation of the 2015 funding that BPSOS received from PHMC" and that "PHMC then notified BPSOS of its decision to award BPSOS [$63,450.00] in funding for fiscal year 2016." (Compl. ¶ 238.) BPSOS acknowledges earlier in the Complaint that the award "is contingent upon the availability of funds, as well as execution of the required contract documents." (Compl. ¶ 126.) BPSOS does not allege that the referenced contract documents were ever executed or otherwise when and how a contract was formed. Aside from the alleged amount of funding BPSOS believed it would be receiving, the Complaint fails to allege the Contract's "essential terms." BPSOS fails to attach to the Complaint any alleged contract, or the communications upon which BPSOS apparently relies in support of a contention that there was a contractual relationship or that a contract was ever formed. BPSOS simply does not and cannot allege the existence of a contract and its essential terms because there was no contract.

The Complaint also fails to allege a plausible claim that PHMC breached a "duty imposed by the contract." Rather, the allegation is that prior to any contract documents being

executed by BPSOS, the contract was given to VietLEAD/UAC instead. (See Compl. ¶ 239.) This apparently happened because Defendant Nancy Nguyen "falsely represented [to PHMC] that 'BPSOS is now under UAC' in order to induce PHMC into contracting with UAC instead of BPSOS. (Compl. ¶ 54.) There was no wrongdoing on the part of PHMC. The Complaint fails to identify what duty was imposed by a contract that PHMC breached. That a contract was ultimately awarded to VietLEAD/UAC is not a breach of contract. This Count should be dismissed with prejudice.

**V.   CONCLUSION**

Defendant Public Health Management Corporation has been improperly dragged into a dispute between BPSOS and its spinoff organization over operations of BPSOS's Delaware Valley offices. There is no subject matter jurisdiction over the claim against PHMC because this is a diversity action and the amount in controversy against PHMC is less than $75,000.00. There is no personal jurisdiction over PHMC because the lawsuit does not arise out of any conduct or activity occurring in Virginia, and BPSOS has failed to show, or even allege, that PHMC has any contacts with Virginia. Even if there is jurisdiction, the Complaint fails to state a plausible claim against PHMC. There is no allegation that PHMC is a member of "The Group" and no allegation that it otherwise participated in a conspiracy against BPSOS, or that it interfered with any third-party contract or business relationship. There is no allegation of a contract between BPSOS or any conduct by PHMC that amounts to a breach of contract. PHMC should be dismissed from the case with prejudice.

Dated: June 7, 2016                                   Respectfully submitted,
                                                      **PUBLIC HEALTH MANAGEMENT
                                                      CORPORATION**
                                                      By Counsel

/s/ John D. McGavin
John D. McGavin (VSB No. 21794)
Andrew R. Alder (VSB No. 86116)
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
E-mail: jmcgavin@bmhjlaw.com
         aalder@bmhjlaw.com
*Counsel for Defendant Public Health Management Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2016, a true and correct copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record:

/s/ John D. McGavin
John D. McGavin (VSB No. 21794)
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
E-mail: jmcgavin@bmhjlaw.com
*Counsel for Defendant Public Health Management Corporation*